## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

In re: DAVID SCOTT CAMPBELL,     )        Case No. 10-60197-LYN
                            )
        Debtor,             )
                            )

## MEMORANDUM and ORDER

This matter comes before the court on a motion to stay adversary proceeding no. 10-06110 pending appeal filed by David Scott Campbell ("the Movant").  Mark H. Dean and Stacy L. Dean, the Plaintiffs in the adversary proceeding, have not filed an opposition to the motion.  The motion will be granted.

### *Jurisdiction*

This Court has jurisdiction over this matter.  28 U.S.C. § 1334(a) & 157(a).  This proceeding is a core proceeding.  28 U.S.C. § 157(b)(2)(I).  This Court may enter a final order.

### *Facts*

The Movant was the principal of Campbell Construction Company ("Campbell Construction").  Pre-petition, the Plaintiffs and Campbell Construction entered into a contract pursuant to which Campbell Construction was to build a house for the Plaintiffs.

On January 27, 2010, the Movant filed the above-styled chapter 7 petition.  In the parent case, the Plaintiffs filed a motion to extend the time to file an adversary complaint based on allegations concerning amounts owed for the construction of the house and the dischargeability of any debt arising from contract.  The Court granted the motion and the Plaintiffs filed an adversary complaint designated by the Clerk of the Court as adversary proceeding no. 10-06110.

1

After filing a notice of appeal from the order granting the motion to extend time to file the complaint, the Movant filed a motion to stay the prosecution of the adversary proceeding pending the appeal.  The United States District Court has agreed to hear the appeal even though it is an appeal from an executory order.

### *Discussion*

A motion for a stay of a judgment, order, or decree of a bankruptcy judge, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Fed.R.Bankr.P.  8005.  In determining whether a discretionary stay should be granted, most courts have adopted the standard used in determining whether to grant a preliminary injunction. 10 Collier on Bankruptcy, ¶8005.06 (15th ed. Rev.).   The standard is summarized below:

> In this circuit, the entry of a preliminary injunction is governed by the four-part test set forth in <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.</u>, 550 F.2d 189 (4th Cir.1977), which requires a court to consider "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 812 (4th Cir.1991) (internal quotation marks omitted); <u>see Blackwelder</u>, 550 F.2d at 193-95.

<u>Scotts Co. v. United Industries Corp.</u>, 315 F.3d 264, 271 (4th Cir. 2002).  When the standard is applied to a stay pending appeal, the word "plaintiff" in the above quote may be read as "appellant" and the word "defendant' may be read as "appellee".

In this instance, the factors do not strongly counsel the Court to grant or deny the motion for stay pending appeal.  The only harm that will come to the Movant if the motion for a stay pending appeal is denied is that he may incur expenses litigating a matter that would be rendered moot if this Court's order is reversed.  It does not appear that the appellees, who have not filed

an opposition to the motion, will suffer any harm if the motion to stay pending appeal is granted.

While this Court believes that the appellant's likelihood of success is small, this factor counsels, if mildly, for granting the stay.   Public policy is not a concern in the consideration of the motion.

On balance, it is concluded that the motion for stay should be granted.

### *ORDER*

The motion for stay pending appeal shall be, and hereby is, granted.  The prosecution of adversary proceeding 10-06110 is stayed pending the appeal of the Movant of this Court's order granting the Plaintiff's motion for leave to file a complaint.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum to David W. Thomas, Esq., and Connor C. Crook, Esq.

Entered on this   24th   day of November, 2010.

_____

William E. Anderson
United States Bankruptcy Judge